# SUPERIOR COURT.

## FALL SESSIONS.

## 1859.

JOSEPH MORRIS v. WILLIAM F. JONES, Administrator of
JOHN WEST, deceased.

There is no law in this State which requires that a deputy sheriff should be
appointed in writing, and in an action by him against the sheriff for
services rendered as such, he will be entitled to recover without proof of
his appointment in writing.

NARR in assumpsit with the usual pleas. West, the
the deceased, had been sheriff of the county from Novem-
ber 1846 to November 1848, and the action of the
plaintiff was against his administrator for services per-
formed by him as a deputy during his term of office.

Benjamin Burton was produced and sworn as a witness
for the plaintiff, and was proceeding to state that he had
acted as a deputy sheriff for Mr. West, during the time he
was in office.

*W. Saulsbury, for the defendant,* objected to the admissi-
bility of the evidence, because if the plaintiff was the
deputy of the sheriff, it could not be proved in that
manner. The sheriff, it was true, might have a deputy,
*Rev. Code p.* 5 *sec.* 3; and it was further provided that
such deputy having served one year in that capacity, could
not be elected, or appointed to the office of sheriff within

two years thereafter. *Rev. Code* 89. He was therefore, while serving in that capacity, something more than a mere agent, or servant of the sheriff; he was an officer known to the law and held an official relation to it in the administration of justice, and in the execution of the process of the courts, and as such, he should have, and produce, some higher evidence of his appointment and authority, than the fact simply proved by the witness that he acted as deputy sheriff. In the case of *The State v. Ward*, 5 *Harr.* 496, the court held that Davidson, not being a constable of the county and having no legal deputation from any officer to arrest the prisoner, was a trespasser in doing so, and that a person having no legal character as an officer, cannot make an arrest without producing an authority by written deputation from one having power to make it.

*But the Court* overruled the objection. This was an action by the plaintiff to recover for services rendered to the deceased in his official character as sheriff at his instance and request, and not a case of an alleged illegal arrest between the deputy and a third person, in which he was called upon to show his legal authority for making it ; and without alluding any further to the case cited, it was sufficient to remark that there was no statute, or law of this State which required that a deputy sheriff should be deputed, or appointed by the sheriff in writing, and if the services could be proved to have been rendered by the plaintiff as such in the mode proposed, he would be entitled to recover for them, without proof of his appointment in writing.